UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEITH ROBERT LUGO, | Case No.: 1:19-cv-00039 SAB (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| R. FISHER, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR COURT ORDER TO PREVENT HIS TRANSFER |
| Defendants. | |
| | [ECF No. 14] |

Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion requesting a court order to prevent him from being transferred to a different prison facility, filed February 7, 2019. Plaintiff seeks a court order to prevent his transfer to a different prison pursuant to Rule 23 of the Federal Rules of Appellate Procedure. Plaintiff's request must be denied.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the

1

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

As an initial matter, Plaintiff is advised that Rule 23(a) of the Federal Rules of Appellate Procedure applies only to transfers pending appellate review. Fed. R. App. P. 23(a). Rule 23(a) of the Federal Rules of Appellate Procedure provides:

> (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless the transfer is directed in accordance with this rule. When, upon application, a custodian shows a need for a transfer, the court, justice or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a). Rule 23(a) therefore applies to transfer of custody or prisons "[p]ending review of a decision in a habeas corpus proceeding. However, this action was filed and is proceeding under 42 U.S.C. § 1983. Thus, the Court has no power to issue an injunction pursuant

to Rule 23(a).

Furthermore, Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has not yet screened Plaintiff's complaint and determined whether there are any cognizable claims in this action. The mere pendency of this action does not provide a basis for the Court to issue an order for the injunctive relief that Plaintiff seeks.

Moreover, prisoner has no Fourteenth Amendment liberty interest in avoiding being transported to anther prison (or being housed in a particular institution). See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976). Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. Olim, 461 U.S. at 245; Vitek v. Jones, 445 U.S. 480, 489 (1980). Therefore, Plaintiff's request for a court order to prevent his transfer is outside the permissible jurisdictional scope of this action and does not give rise to a liberty interest.

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that a Fresno District Judge be randomly assigned to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a court order to prevent his transfer (ECF No. 14), be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

3

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 11, 2019**__       _____
                                                                                    UNITED STATES MAGISTRATE JUDGE