1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    KEITH ROBERT LUGO,                    Case No.  1:19-cv-00039-LJO-SAB (PC)

12                    Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSING CERTAIN
13           v.                             CLAIMS

14    R. FISHER, et al.,                    (ECF No. 23)

15                    Defendants.           **THIRTY (30) DAY DEADLINE**

16

17           Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* and *in forma pauperis* in

18    this civil rights action pursuant to 42 U.S.C. § 1983.  On December 5, 2018, Plaintiff initiated the

19    instant action in the United States District Court for the Northern District of California.  (ECF No.

20    1.)  The Northern District transferred this action to the Eastern District of California on January 4,

21    2019.  (ECF No. 7.)  On March 1, 2019, Plaintiff's complaint was screened and an order was filed

22    finding that Plaintiff had stated a cognizable claim for violation of the First Amendment based on

23    a delay in delivery of his mail.  (ECF No. 19.)  Plaintiff was ordered to either notify the Court that

24    he was willing to proceed on the claim found to be cognizable or file an amended complaint.  (Id.)

25    Plaintiff filed an amended complaint on March 20, 2019.  (ECF No. 20.)

26           On June 17, 2019, Plaintiff's first amended complaint was screened and it was found not to

27    state a cognizable claim.  (ECF No. 22.)  Plaintiff was granted one final opportunity to file a second

28    amended complaint.  (Id.)  Currently before the Court is Plaintiff's second amended complaint,

filed on July 3, 2019.  (ECF No. 23.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous, malicious, or fails to state a claim upon which relief may be granted; or … seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in the second amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Correctional Officers L. Mayfield, Caitlan, and Angelina as Defendants in their individual and official capacities.  Plaintiff alleges violation of his right to receive mail under the First Amendment and his right to access the court under the Fifth and Fourteenth Amendments.

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and has been housed at Valley State Prison ("VSP") since April 16, 2013.  The California Supreme Court sent Plaintiff a legal notice, dated February 8, 2018, informing him that as of February 13, 2018, the court would lose jurisdiction over his petition for review and any relief would have to be sought through a writ of habeas corpus.  The letter was postmarked February 9, 2018, however, staff did not deliver this piece of mail until February 20, 2018.  On February 27, 2019, Plaintiff received notice that his petition for review was returned unfiled because it was not received by February 13, 2018 and the court no longer had jurisdiction.

Plaintiff alleges that long delays and loss of mail are an ongoing problem in the CDCR, including at VSP.  Plaintiff asserts that Correctional Officers Mayfield, Caitlan, and Angelina, who all worked in and around the mailroom, knowingly violated the procedures for processing mail established by law, prison policy, and custom, and willfully withheld and/or refused to timely deliver Plaintiff's legal mail.  Due to Mayfield's, Caitlan's, and Angelina's actions and/or inactions, default was entered, and Plaintiff was permanently barred from filing a petition for review with the California Supreme Court that raised colorable issues of constitutional importance that were critical to Plaintiff's prospective liberty from prison following an illegal parole hearing.

Plaintiff states that the issues raised in his petition for review were whether the Board of Prison Terms violated Senate Bill 261 for failing to apply the legally correct standard of analysis and failing to give the appropriate weight to the diminished capacity of juveniles; whether the Board failed to meet the minimum burden of some evidence in finding that he was not really a kid.  Plaintiff argues that due to the return of his petition for review he was required to spend a minimum of five additional years in prison.

In relief, Plaintiff prays for nominal damages, compensatory damages, punitive damages, and declaratory relief.

### A.    Official Capacity Claims

Plaintiff brings this action against all named defendants in their individual and official capacities.  As Plaintiff was previously advised, "the Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  A suit brought against government officials in their official capacity is generally equivalent to a suit against the government itself.  McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986); Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 952 (9th Cir. 2008).  Therefore, officials may be held liable if " 'policy or custom' . . . played a part in the violation of federal law." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (quoting McRorie, 795 F.2d at 783).  The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available.  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713.

"Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom' must have played a part in the violation of federal law." Hafer v. Melo, 502 U.S. 21, 25 (1991).  In the second amended complaint, Plaintiff alleges long delays and loss of mail and theft of contents of envelopes is an ongoing problem in the CDCR, including within VSP.  However, Plaintiff has failed to allege any facts that would indicate a pattern or practice of failure to deliver mail.  Here, Plaintiff alleges a single incident in which receipt of his mail was delayed.

Here, Plaintiff has failed to allege facts by which the Court can reasonably infer that there is a custom or policy of failing to timely deliver inmate mail.  Plaintiff has merely set forth a single

incident in which he is alleging an unconstitutional delay in the delivery of his mail. "A plaintiff cannot prove the existence of a . . . policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989). Plaintiff has failed to state an official capacity claim against any named defendant.

### B. First Amendment Right of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts.[1] Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Here, Plaintiff alleges that, when he failed to comply with the California Supreme Court's February 13, 2018 deadline, he was permanently barred from filing a petition for review with the California Supreme Court that raised colorable issues of constitutional importance that were critical to Plaintiff's prospective liberty from prison following an illegal parole hearing. Plaintiff alleges that he was prevented from raising that the Parole Board applied the incorrect standard of analysis

---

[1] Plaintiff alleges a violation of the Fifth Amendment. However, the Fifth Amendment applies only to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendants in this action are state employees the Fifth Amendment does not apply.

and did not give the proper weight to the diminished capacity of juveniles and stated that he was not really a kid at the time that he committed the offense. (Compl. 10.)

However, Plaintiff's second amended complaint does not plead the nature and description of the underlying claim "as if it were being independently pursued." Harbury, 536 U.S. at 417. Plaintiff's conclusory allegations that the Board of Paroles used the incorrect standard of review and did not give the proper weight to the diminished capacity of juveniles in denying his parole are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Plaintiff has failed to include any factual allegations regarding the underlying offense or his age at the time that it was committed. Nor has Plaintiff included any factual allegations that by which the Court can reasonably infer that the Board of Paroles applied the incorrect standard of review in denying Plaintiff parole. Id. at 678-79

The second amended complaint fails to allege sufficient factual allegations to state a claim for denial of access to the court. Plaintiff has not stated a cognizable claim for denial of access to the courts.

**C.      First Amendment Right to Send and Receive Mail**

Prison inmates have a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Crofton v. Roe, 170 F.3d 957, 959 (9th Cir. 1999); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials must demonstrate that any regulation infringing on the right is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987); Crofton, 170 F.3d at 959. The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. Thornburgh, 490 U.S. at 413.

Prison officials do have a responsibility to promptly forward mail to inmates. Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). However, courts generally find that isolated incident of interference with mail is insufficient to state a cognizable claim. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (two instances of interference with incoming mail insufficient to state a claim because plaintiff does not allege an ongoing practice of prison officials of interfering with his mail nor any harm suffered from the mail tampering); Bach v. People of State of Ill., 504 F.2d

1100, 1102 (7th Cir. 1974) (generally it requires more than an isolated incident of failure to protect an inmate's rights to state a claim); Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal. 1975) (single incident of censorship of mail that was not part of a broader plan or course of conduct insufficient to state a cognizable claim); Daniel v. Hawkins, No. C 97-0034 MHP, 1997 WL 33574, at *1 (N.D. Cal. Jan. 23, 1997) (although jail officials have a responsibility to promptly forward mail to inmates, an isolated incident of delay is generally not enough to state a First Amendment claim).

While a temporary or brief delay does not violate the First Amendment, Crofton, 170 F.3d at 961, an allegation that the mail was delayed for an inordinate amount of time is sufficient to state a claim. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). The Ninth Circuit has held that in the appropriate circumstances a single incident of interference with mail can rise to the level of a constitutional violation. Mangiaracina v. Penzone, 849 F.3d 1191, 1197 (9th Cir. 2017); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1209 (9th Cir. 2017). Where an inmate alleges that he has suffered an actual injury from the constitutional violation, the allegation of isolated and sporadic interference with mail is sufficient to require the defendant to file a response to the complaint. Hayes, 849 F.3d at 1211-13.

While Plaintiff has only alleged a single incident of delay in mail, the second amended complaint alleges that the significant delay caused him to lose the ability to file a petition for review of the denial of parole with the California Supreme Court. At the pleading stage, the Court finds that this is sufficient to state a cognizable claim against Defendants Mayfield, Caitlan, and Angelina.

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

Here, Plaintiff was provided with leave to file an amended complaint and was advised that it was his final opportunity to amend. (Screening Order Granting Pl. Leave to File Sec. Am. Compl.

7, ECF No. 8.)  Plaintiff has previously been provided with the legal standards that apply to his claims and has now filed three complaints without correcting the deficiencies in his pleading. Based upon the allegations in Plaintiff's original, first, and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for access to the court or to state an official capacity claim against the named defendants, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Accordingly, it is recommended that the denial of access to court and official capacity claims be dismissed without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.**

**CONCLUSION AND ORDER**

The second amended complaint states a claim against Defendants Mayfield, Caitlan, and Angelina for interference with mail in violation of the First Amendment. However, Plaintiff has failed to state any other cognizable claims.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This matter proceed against Defendants Mayfield, Caitlan, and Angelina for interference with mail in violation of the First Amendment; and

2.      The access to the court and official capacity claims be dismissed from this action for the failure to state a claim upon which relief may be granted.

This findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2019**

UNITED STATES MAGISTRATE JUDGE

9