UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROBERT LUGO,<br><br>    Plaintiff,<br><br> v.<br><br>R. FISHER, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00039-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT ANGELINA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>(ECF Nos. 30, 32)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

On September 5, 2019, the Court found that service of Plaintiff's second amended complaint was appropriate as to Defendants Mayfield, Caitlan, and Angelina for interference with mail in violation of the First Amendment, and service was ordered. (ECF No. 26.)

On October 4, 2019, pursuant to the E-Service pilot program for civil rights cases in the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant Angelina because there was no such employee with this name in the mailroom. Therefore, that same date service was

forwarded to the United States Marshal Service for service of process pursuant to Fed. R. Civ. P. 4(c)(3).

On October 7, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that no one by the name of Angelina was able to be identified working at Valley State Prison in 2018 and that a last name is needed for a better chance to identify the defendant. (ECF No. 30.)

On October 11, 2019, the Court ordered Plaintiff to file a written response within thirty (30) days from the date of service of the order that provides the Court with further information regarding the identity of Defendant Angelina so that the U.S. Marshal can effect service of the summons and complaint on Defendant Angelina. (ECF No. 31.)

On November 4, 2019, Plaintiff filed a "motion to inform Court of Plaintiff's inability due to the disability of imprisonment at this time to provide further information regarding the Defendant Angelina to effectuate service of the summons and complaint," which the Court interprets as Plaintiff's written response to the Court's October 11, 2019 order. (ECF No. 32.) In his response, Plaintiff states that his attempts to discover additional information regarding Defendant Angelina have been futile and he is unable to provide the Court with any further information to assist with service of process on Defendant Angelina. (Id.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed

to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Id. (internal quotations and citation omitted). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Id. at 1421-22.

At this juncture, the U.S. Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Angelina. In his November 4, 2018 response to the Court's order, Plaintiff states that his attempts to discover any further information regarding Defendant Angelina's identity have been futile and that he cannot provide any additional information regarding Defendant Angelina at this time. (ECF No. 32.) It is Plaintiff's obligation to provide the information necessary to identify and locate a given defendant – which, at this time, Plaintiff is apparently unable to do. Therefore, dismissal of Defendant Angelina, without prejudice, for failure to serve with process is warranted.

However, once discovery opens, Plaintiff will have an opportunity to serve interrogatories, requests for production of documents, requests for admission, and subpoenas and/or conduct depositions in order to obtain further identifying information regarding Defendant Angelina. Fed. R. Civ. P. 30, 33, 34, and 36. If Plaintiff obtains further information regarding Defendant Angelina that will permit service of process, Plaintiff may file a motion to amend, pursuant to Fed. R. Civ. P. 15, his second amended complaint to reassert his claims against Defendant Angelina.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Angelina be dismissed from the action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-**

**one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 7, 2019**__

UNITED STATES MAGISTRATE JUDGE