UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROBERT LUGO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. FISHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00039-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 45] |

Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed April 10, 2020.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Mayfield and Caitlan for interference with mail in violation of the First Amendment.

On December 3, 2019, Defendants filed an answer to the complaint.

On January 3, 2020, the Court issued the discovery and scheduling order. The deadline for completion of all discovery, including motions to compel is September 3, 2020.

As previously stated, on April 10, 2020, Plaintiff filed the instant motion to compel. (ECF No. 45.) Defendants filed an opposition on May 4, 2020. (ECF No. 47.) Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

///

1

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 42. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

Plaintiff moves to compel further responses to nine of his requests for production of documents and to identify additional responsible individuals.

Defendants oppose Plaintiff's motion because he has failed to meet his burden and they have responded appropriately to each of Plaintiff's requests.

As an initial matter, Plaintiff has failed to meet his burden in demonstrating which discovery requests are the subject of his motion to compel and why each response is insufficient. See Local Rule 250.3 (a party is required to file the requests for production and responses that are at issue as part of the proceeding).  Nonetheless, in opposing the motion, Defendants have submitted a copy of the relevant discovery requests and their responses thereto.  (ECF No. 47.)

### A. Requests for Production Nos. 1-4, 6 and 7

With regard to requests for production numbers 1 through 4, 6 and 7, Plaintiff contends that the requested documents are relevant and the "scope of discovery in federal court is extremely broad." (Mot. at 2.)  Plaintiff also argues that although Defendants "state they will supplement the response as necessary with additional documents as they are located, but the objection places this in question without legal motivation." (Mot. at 2-5.)

Ruling:  Plaintiff's motion to compel further responses must be denied.  Even though Defendants objected to Plaintiff's requests, they produced all responsive documents they could locate within their possession, custody, or control, and Plaintiff is required to accept their legally sufficient responses. (ECF No. 47, Ex. A at 1-4.)  In addition, Defendants acknowledged their obligation to supplement their responses as necessary with 6 additional documents as they are located. (Id.)

While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided.  Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P.

26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). <u>See also</u> Fed. R. Civ. P. 33(c). Further, as counsel is aware, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly, Plaintiff's motion to compel further responses is denied.

### B.     Requests for Production Nos. 5 and 9

1.     <u>Request for Production No. 5:</u> "All records showing the circumstances and conditions all employees working in the mailroom at Valley State Prison from February 9, 2018 through February 21, 2018, received assigmnent [sic] in the mailroom. (This request is meant to include any and all electronic documentation nd [sic] records.)."

2.     <u>Request for Production No. 9:</u> "All copies of the records maintained by CDCR, including Valley State Prison, pertaining too [sic] authorization of all employees working for CDCR to work in the mailroom from February 9, 2018 through February 21, 2018. (This request is meant to include any and all electronic 19 documentation and records.)."

Plaintiff contests Defendants' objections as vague, speculative, assumes facts which have not bee admitted, unduly burdensome, harassing, oppressive, and failure to identify the documents sought with particularity. Defendants objections are based on the fact that they were unable to respond to these requests because they were so unclear as to preclude any reasonable response. (Hennes Decl., Ex. A at 3-6.)

<u>Ruling:</u> With regard to Request for Production No. 5, because the meaning and relevance of this request is unclear, Defendants' objection is sustained and plaintiff's motion to compel is denied as to this request. With regard to Request for Production No. 9, the meaning of "authorization" is vague, Defendants' objection is sustained as it is not clear what documents Plaintiff seeks or whether such documents are relevant to his claims. Accordingly, Plaintiff's motion to compel further responses to Requests for Production Nos. 5 and 9 is denied.

///

///

### C. Request for Production No. 8

<u>Request for Production No. 8:</u> "All copies of the records maintained by CDCR, including Valley State Prison, documenting that all staff working in the mailroom from the date of February 9, 2018 through February 21, 2018, including signatures confining [sic] proper training according to the training manual, understood the materials taught during training by said employees. (This request is meant to include any and all electronic documentation and records.)."

Defendants responded that they were not responsible for handling legal mail, and therefore any documentation of training materials they would have access to would be completely irrelevant to Plaintiff's claim that his legal mail was mishandled.

<u>Ruling:</u> Plaintiff fails to meaningfully dispute Defendants' response or show how any responsive documentation would be relevant to his legal mail claim. As such, there is no basis to compel a further response and Plaintiff's motion is denied.

## IV.
## ORDER

Based on the foregoing, Plaintiff's motion to compel, filed on April 10, 2020, is denied.

IT IS SO ORDERED.

Dated:   **May 28, 2020**                                    _____
                                                             UNITED STATES MAGISTRATE JUDGE