UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROBERT LUGO,<br><br>    Plaintiff,<br><br> v.<br><br>R. FISHER, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-00039-NONE- SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS<br><br>[ECF No. 51] |

Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for the issuance of subpoenas, filed on June 15, 2020. Defendants did not file an opposition and the time to do so has now expired. Local Rule 230(l)

**I.**

**DISCUSSION**

Discovery is permissible against nonparties. Fed. R. Civ. P. 45. A Rule 45 subpoena is the only discovery method by which information may be obtained from a nonparty. Adv. Comm. Note to 1991 Amendment to Fed. R. Civ. P. 45. Rule 45 subpoenas permit discovery from nonparties equivalent to discovery from parties under Rule 34. Assuming that the subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(c)(1), (d)1).

///

However, the Court's authorization of a subpoena duces tecum requested by an in forma pauperis Plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required under Rule 45, "serving a subpoena is not taken lightly by the court." Austin v. Winett, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).

Rule 26(b)(1) establishes the scope of discovery, stating in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiff seeks issuance of a subpoena duces tecum to order the California Department of Corrections and Rehabilitation (CDCR), specifically R. Fisher, Warden at Valley State Prison "to provide an accurate copy of the record/log books disclosing the identities to Plaintiff of those employed by the department to collect, process, and deliver mail during the dates of February 8, 2018 through February 20, 2018." (Mot. at 1, ECF No. 51.) Plaintiff further "asserts that disclosure of the identities of the employees assigned to mailroom activities in the collection, processing, and delivery of legal mail is the critical basis to the alleged civil rights violation at issue in the instant case. Even more primary to Plaintiff's case is not who these potential defendants and witnesses are but what each did, did not do, or witnesses if anything." (Id. at 1-2.) This action is proceeding against Defendants Mayfield and Caitlan for interference with mail in violation of the First Amendment. The documents sought by Plaintiff, limited to February 8, 2018 through February 20, 2018, are relevant to Plaintiff's claim and he is entitled to their production. Fed. R. Civ. P. 26(b)(1). The Court has given the matter due consideration and in light of (1) the nature of the documents sought and (2) the employment positions and statuses of Defendants, Defendants' prior discovery responses and finds the issuance of subpoenas duces

tecum directing the production of the documents is an appropriate avenue of relief. Fed. R. Civ. P. 45.  Therefore,  Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoenas following the passage of ten days from the date of service of this order.[1]

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for issuance of a subpoena duces tecum is GRANTED in part and DENIED in part consistent with this order;

2. The issuance of the subpoena duces tecum directing R. Fisher Warden and/or the Custodian of Records at Valley State Prison to produce responsive documents to the Plaintiff's request as set forth below is hereby authorized;

3. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will issue **ten** days following the date of service of this order;

4. The Clerk of Court is directed to complete one subpoenas addressed to R. Fisher, Warden and/or Custodian of Records at Valley State Prison, 21633 Avenue 24, Chowchilla, CA 93610 requesting:
   **"Records/Log Books documenting and identifying all CDCR employees assigned to the mailroom and to deliver legal mail at Valley State Prison from the dates of February 8, 2018 through February 20, 2018, including the identity of the U.S. Postal Workers that deliver and pick up legal mail."**

5. The Clerk of Court shall serve a copy of the subpoenas along with this order.

IT IS SO ORDERED.

Dated:   **July 9, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will prepare the subpoena and USM-285 form.