1

2                          UNITED STATES DISTRICT COURT

3                          EASTERN DISTRICT OF CALIFORNIA

4

5    KEITH ROBERT LUGO,                          Case No.:  1:19-cv-00039-NONE-SAB (PC)

6                        Plaintiff,
                                                 ORDER DENYING PLAINTIFF'S
7         v.                                     MOTIONS FOR CONTEMPT AND
                                                 SANCTIONS
8    R. FISHER, et al.,
                                                 (ECF Nos. 59, 63)
9                        Defendants.

10

11        Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* in a civil rights action

12   pursuant to 42 U.S.C. § 1983.

13        On August 26, 2020 and September 10, 2020, Plaintiff filed separate motions for

14   contempt and sanctions.  (ECF Nos. 59, 63.)  Pursuant to court order, Defendants filed a response

15   on October 29, 2020.  (ECF Nos. 66, 67.)

16                                              **I.**

17                                         **DISCUSSION**

18        A court may sanction a party for failing to obey a discovery order and may treat the failure

19   as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt "consists of a party's

20   disobedience to a specific and definite court order by failure to take all reasonable steps within

21   the party's power to comply." In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d

22   693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith

23   exception to the requirement of obedience to a court order." Id. (quoting In re Crystal Palace

24   Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). "The party alleging civil contempt

25   must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing

26   evidence,' not merely a preponderance of the evidence." Id. (quoting Vertex Distrib., Inc. v.

27   Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)).

28

                                                 1

1   A court may not impose Rule 37(b) sanctions against a nonparty for asserted

2   noncompliance with a deposition subpoena issued under Rule 45. See Sali v. Corona Reg'l Med.

3   Ctr., 884 F.3d 1218, 1224 (9th Cir. 2018) (other than contempt, "[n]one of the other sanctions

4   available under Rule 37 are available against the nonparty" who fails to comply with a Rule 45

5   subpoena); see also Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.4 (9th Cir.

6   1983) (noting that Rule 37 does not authorize an award of expenses for a motion to compel

7   nonparties to produce documents); Genx Processors Mauritius Ltd. v. Jackson, 2:14-cv-01938-

8   APG-PAL, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018) ("The court may not use the

9   enforcement remedies contemplated in Rule 37 for ... nonparties' failure to comply with a

10  subpoena" (citing Pennwalt Corp., 708 F.2d at 494)); Jerry Beeman & Pharmacy Servs., Inc., 322

11  F. Supp. 3d 1027, 1034 n.4  (C.D. Cal. 2018) (explaining sanctions under Rule 37(b)(2) were not

12  warranted as the moving party did not show "a particular discovery order that ha[d] been

13  violated," but approving inherent authority sanctions).

14  However, a court may impose sanctions against a nonparty for failure to comply with a

15  subpoena for document production pursuant to Rule 45. See Fed. R. Civ. P. 45(g); Pennwalt

16  Corp., 708 F.2d at 494; McAllister v. St. Louis Rams, LLC, 2:17-mc-157-AB (KSx), 2018 WL

17  6164281, at *2 n.4 (C.D. Cal. July 2, 2018) ("Rule 45 is only authority in the Federal Rules of

18  Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a

19  subpoena duces tecum" (citing Pennwalt Corp., 708 F.2d at 494)).  Under Rule 45, a court may

20  exercise its contempt powers when a person who has been served with a subpoena "fails without

21  adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Contempt

22  sanctions are among a court's inherent powers. See Shillitani v. United States, 384 U.S. 364, 370

23  (1966); Ochoa v. Lopez, CV 11-9239 AG (MLGx), 2016 WL 9712071, at *1 (C.D. Cal. June 20,

24  2016) ("A court has inherent power to enforce its orders by holding those who violate those

25  orders in civil contempt and issuing corresponding sanctions." (citing Shillitani, 384 U.S. at

26  370)). Instead of providing a separate basis for imposing spoliation sanctions, Rule 45 thus allows

27  a court to use its inherent powers to impose contempt sanctions on a party, or nonparty, for

28  defying a subpoena by improperly destroying evidence.

2

1   On July 13, 2020, the Court granted Plaintiff's request for issuance of a subpoena duces

2   tecum directing Warden R. Fisher and/or the Custodian of Records at Valley State Prison (VSP)

3   to produce "Records/Log Books documenting and identifying all CDCR employees assigned to

4   the mailroom and to deliver legal mail at Valley State Prison from the dates of February 8, 2018

5   through February 20, 2018, including the identity of the U.S. Postal Workers that deliver and pick

6   up legal mail."  (ECF No. 52 at 3.)

7   On July 31, 2020, the subpoena was returned executed, indicating that it was served on the

8   litigation coordinator at VSP on July 31, 2020.  (ECF No. 56.)

9   On August 26, 2020, the litigation coordinator at VSP mailed documents responsive to the

10   subpoena to Plaintiff.  (Durham Decl. ¶¶ 1, 2, ECF No. 67-1.)

11   Plaintiff contends that Warden R. Fisher and the Custodian of Records at Valley State

12   Prison failed/refused to provide documentation identifying the correctional officers assigned to

13   run the mailroom.  (ECF No. 63 at 3.)  Defendants argue that Plaintiff's motions should be denied

14   because the litigation coordinator at VSP mailed documents responsive to Plaintiff's subpoena on

15   August 26, 2020.  (ECF No. 67 at 2.)  For the reasons explained below, Plaintiff's motions for

16   contempt and sanctions shall be denied.

17   Plaintiff acknowledges that he received documentation in response to his subpoena, but he

18   argues the documents are insufficient because he cannot determine the identity of the

19   "Correctional Officers assigned as agents of the state to run mailroom entrusted to physically

20   deliver legal mail, inspect its contents, and obtain inmate signatures for verification of

21   receivership."  (ECF No. 63 at 3.)  The documents produced contain information from which

22   Plaintiff can ascertain the identity of the CDCR employees who were assigned to the legal

23   mailroom and who would have been responsible for the delivery of legal mail from February 8,

24   2018 through February 20, 2018.  (Durham Decl. ¶ 2, Ex. A.)  Specifically, Plaintiff was provided

25   documents identified as "FLSAs" which contain the names of the CDCR employees assigned to

26   the VSP mailroom from February 8, 2018 through February 20, 2018.  (Id.)  Defendants correctly

27   point out that the subpoena did not include the additional clarification seeking the identity of any

28   officers responsible for inspecting the contents and obtaining inmate signatures.  Therefore, the

request was understood by prison officials to relate only to the mailroom staff.  (Durham Decl. ¶ 2.)  Nonetheless, Defendants have inquired into the additional requested information, and submit that "the correctional officer that was responsible for inspecting the contents of legal mail, and obtaining inmate signatures on the legal mail log, would have been assigned to the Facility A program office during third watch, not the mailroom."  (Gutierrez Decl. ¶¶ 2, 3, ECF No. 67-2.)  Defendants further submit "that the mailroom employees deliver legal mail to the appropriate facility program office.  Once the mail was delivered to the program office, an officer would be designated to handle the legal mail.  The assigned officer in the program office would inspect the contents of the legal mail for contraband and obtain the inmate's signature on a legal mail log when it is provided to the inmate."  (Gutierrez Decl. ¶ 3.)  Defendants have requested a copy of the applicable FLSAs that identifies the correctional officers assigned to the Facility A program office at VSP from February 8, 2018 to February 20, 2018 during third watch and submit the documents will be produced within twenty-one days.  (Gutierrez Decl. ¶ 4.)

Based on Defendants' representations in their October 29, 2020 response, Defendants have and will provide responses to Plaintiff's subpoena duces tecum and there is no basis to issue sanctions or to find R. Fisher and/or the custodian of records at VSP is in contempt of court.  Accordingly, Plaintiff's motions for contempt and/or sanctions shall be denied.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for contempt and/or sanctions (ECF Nos. 59, 63) are DENIED.

IT IS SO ORDERED.

Dated:   **October 30, 2020**

_____
UNITED STATES MAGISTRATE JUDGE