1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9   KEITH ROBERT LUGO,                         Case No.:  1:19-cv-00039-NONE-SAB (PC)

10                      Plaintiff,
                                                FINDINGS AND RECOMMENDATIONS
11        v.                                    REGARDING PLAINTIFF'S MOTION TO
                                                AMEND THE COMPLAINT
12   R. FISHER, et al.,
                                                (ECF No. 76)
13                      Defendants.

14

15        Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* in a civil rights action

16   pursuant to 42 U.S.C. § 1983.

17        Currently before the Court is Plaintiff's notice to file an amended complaint, along with a

18   proposed third amended complaint, filed on February 4, 2021 and February 5, 2021, respectively.

19                                          I.

20                                RELEVANT BACKGROUND

21        This action is currently proceeding against Defendants Mayfield and Caitlyn for inference

22   with his mail in violation of the First Amendment.[1]

23        On December 3, 2019, Defendants filed an answer to the complaint.

24        On January 3, 2020, the Court issued the discovery and scheduling order, setting the

25   deadline to amend the pleading as July 3, 2020.

26        Plaintiff requested and received five extensions of the deadline to amend the pleadings

27   _____

28   [1] On November 22, 2019, Defendant Angelina was dismissed pursuant to Federal Rules of Civil Procedure 4(m).
     (ECF No. 37.)

                                          1

1   which expired on February 5, 2021.  (ECF Nos. 46, 49, 53, 57, 62, 64, 65, 73, 74, 75.)

2        As previously stated, on February 4, 2021, Plaintiff filed a notice to file an amended

3   complaint, along with a proposed third amended complaint which was lodged by the Court.  (ECF

4   Nos. 76, 79.)  The Court construes Plaintiff's notice as a motion to amend the complaint pursuant

5   to Federal Rule of Civil Procedure 15.  Defendants have not filed an opposition and the time to do

6   so has now expired.

7                                    **II.**

8                            **LEGAL STANDARD**

9        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party=s

10  pleading once as a matter of course twenty-one days after serving, or if a response was filed, within

11  twenty-one days after service of the response.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may

12  amend only by leave of the court or by written consent of the adverse party, and leave shall be

13  freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

14       Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

15  requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

16  (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the

17  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

18  delay in the litigation; or (4) is futile."  AmerisourceBergen Corp., 465 F.3d at 951.  Relevant to

19  the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single

20  action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011);

21  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  The burden to demonstrate prejudice falls

22  upon the party opposing the amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th

23  Cir. 1987).  Absent prejudice, or a strong showing of any of the remaining three factors, a

24  presumption exists under Rule 15(a) in favor of granting leave to amend.  Eminence Capital, LLC

25  v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Further, undue delay alone is insufficient to

26  justify denial of a motion to amend.  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**DISCUSSION**

Based on a review of Plaintiff's proposed third amended complaint, Plaintiff is seeking leave to add several new Defendants and an access to the courts claim. For the reasons explained below, Plaintiff's motion to amend should be granted in part and denied in part.

**A.     Additional Defendants**

Plaintiff names correctional staff Minnehan, G. Lucas, C. Duree, J. Castillo, R. Perez, R. Vasquez, and G. Vasquez, as Defendants and alleges that each of them interfered with access to his legal mail in February 2018. (ECF No. 79, at pp. 6-14.) Plaintiff also names the California Department of Corrections and Rehabilitation as a Defendant. (ECF No. 79, at pp. 14-16.)

1.     Individual Capacity

Prison inmates have a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Crofton v. Roe, 170 F.3d 957, 959 (9th Cir. 1999); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials must demonstrate that any regulation infringing on the right is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987); Crofton, 170 F.3d at 959. The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. Thornburgh, 490 U.S. at 413.

Prison officials do have a responsibility to promptly forward mail to inmates. Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). However, courts generally find that isolated incident of interference with mail is insufficient to state a cognizable claim. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (two instances of interference with incoming mail insufficient to state a claim because plaintiff does not allege an ongoing practice of prison officials of interfering with his mail nor any harm suffered from the mail tampering); Bach v. People of State of Ill., 504 F.2d 1100, 1102 (7th Cir. 1974) (generally it requires more than an isolated incident of failure to protect an inmate's rights to state a claim); Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal. 1975) (single incident of censorship of mail that was not part of a broader plan or course of conduct insufficient to state a cognizable claim); Daniel v. Hawkins, No. C 97-0034 MHP, 1997 WL 33574, at *1 (N.D.

Cal. Jan. 23, 1997) (although jail officials have a responsibility to promptly forward mail to inmates, an isolated incident of delay is generally not enough to state a First Amendment claim).

While a temporary or brief delay does not violate the First Amendment, Crofton, 170 F.3d at 961, an allegation that the mail was delayed for an inordinate amount of time is sufficient to state a claim. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). The Ninth Circuit has held that in the appropriate circumstances a single incident of interference with mail can rise to the level of a constitutional violation. Mangiaracina v. Penzone, 849 F.3d 1191, 1197 (9th Cir. 2017); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1209 (9th Cir. 2017). Where an inmate alleges that he has suffered an actual injury from the constitutional violation, the allegation of isolated and sporadic interference with mail is sufficient to require the defendant to file a response to the complaint. Hayes, 849 F.3d at 1211-13.

While Plaintiff has only alleged a single incident of delay in mail, the third amended complaint alleges that the significant delay caused him to lose the ability to file a petition for review of the denial of parole with the California Supreme Court. At the pleading stage, the Court finds that the allegations in the third amended complaint are sufficient to state a cognizable claim against new Defendants Minnehan, G. Lucas, C. Duree, J. Castillo, R. Perez, R. Vasquez, and G. Vasquez, as well as prior Defendants Mayfield and Smith, in their individual capacity.

Here, Plaintiff filed his motion to amend timely under the scheduling order as amended by his request to extend the amendment deadline, amendment is not futile because Plaintiff states a cognizable claim against the new Defendants, there is no evidence that Plaintiff was not diligent in seeking amendment, and there is no evidence of prejudice as the current Defendants do not oppose the amendment. Accordingly, Plaintiff's motion to amend to add Defendants Minnehan, G. Lucas, C. Duree, J. Castillo, R. Perez, R. Vasquez, and G. Vasquez.

      2.    Official Capacity

Plaintiff brings this action against all named defendants in their individual and official capacities. As Plaintiff was advised in previous screening orders, "the Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

1  A suit brought against government officials in their official capacity is generally equivalent to a

2  suit against the government itself.  McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986); Seven

3  Up Pete Venture v. Schweitzer, 523 F.3d 948, 952 (9th Cir. 2008).  Therefore, officials may be

4  held liable if " 'policy or custom' . . . played a part in the violation of federal law." Larez v. City

5  of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (quoting McRorie, 795 F.2d at 783).  The official

6  may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow

7  a course of action when various alternatives were available.  Clement v. Gomez, 298 F.3d 898, 905

8  (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long v. County

9  of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594

10  F.3d 707, 713 (9th Cir. 2010).  To prove liability for an action policy the plaintiff "must . . .

11  demonstrate that his deprivation resulted from an official policy or custom established by a . . .

12  policymaker possessed with final authority to establish that policy."  Waggy, 594 F.3d at 713.

13       "Because the real party in interest in an official-capacity suit is the governmental entity and

14  not the named official, 'the entity's policy or custom' must have played a part in the violation of

15  federal law."  Hafer v. Melo, 502 U.S. 21, 25 (1991).  In the second amended complaint, Plaintiff

16  alleges long delays and loss of mail and theft of contents of envelopes is an ongoing problem in the

17  CDCR, including within VSP.  However, Plaintiff has failed to allege any facts that would indicate

18  a pattern or practice of failure to deliver mail.  Here, Plaintiff alleges a single incident in which

19  receipt of his mail was delayed.

20       Here, Plaintiff has failed to allege facts by which the Court can reasonably infer that there

21  is a custom or policy of failing to timely deliver inmate mail.  Plaintiff has merely set forth a single

22  incident in which he is alleging an unconstitutional delay in the delivery of his mail.  "A plaintiff

23  cannot prove the existence of a . . . policy or custom based solely on the occurrence of a single

24  incident of unconstitutional action by a non-policymaking employee."  Davis v. City of Ellensburg,

25  869 F.2d 1230, 1233 (9th Cir. 1989).  Accordingly, Plaintiff has failed to state an official capacity

26  claim against any named defendant.

27  ///

28  ///

5

3.      California Department of Corrections and Rehabilitation (CDCR)

Plaintiff cannot proceed on a claim for monetary damages may proceed against Defendant CDCR insofar as it is a state agency and, therefore, immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).  Accordingly, Plaintiff fails to state a cognizable claim against CDCR.

**B.      Access to Courts Claim**

Although it is not entirely clear, it appears that Plaintiff may be attempting to proceed on an of access to the courts claim.  However, Plaintiff's access to the courts claim was previously dismissed without further leave to amend.  (ECF No. 25.)  Nonetheless, to the extent Plaintiff is seeking to proceed on an access to the courts claim, he fails to state a cognizable claim.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.  The failure to allege an actual injury is "fatal."  Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4).   In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14.  The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued."  Id. at 417.  Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  Id. at 415.

6

Here, Plaintiff alleges that, when he failed to comply with the California Supreme Court's February 13, 2018 deadline, he was permanently barred from filing a petition for review with the California Supreme Court that raised colorable issues of constitutional importance that were critical to Plaintiff's prospective liberty from prison following an illegal parole hearing.  Plaintiff alleges that he was prevented from raising that the Parole Board applied the incorrect standard of analysis and did not give the proper weight to the diminished capacity of juveniles and stated that he was not really a kid at the time that he committed the offense.

However, Plaintiff's third amended complaint does not plead the nature and description of the underlying claim "as if it were being independently pursued."  Harbury, 536 U.S. at 417. Plaintiff's conclusory allegations that the Board of Paroles used the incorrect standard of review and did not give the proper weight to the diminished capacity of juveniles in denying his parole are not entitled to a presumption of truth.  Iqbal, 556 U.S. at 678.  In addition, Plaintiff has failed to include any factual allegations regarding the underlying offense or his age at the time that it was committed.  Nor has Plaintiff included any factual allegations that by which the Court can reasonably infer that the Board of Paroles applied the incorrect standard of review in denying Plaintiff parole.  Id. at 678-79.  Accordingly, Plaintiff has not stated a cognizable claim for denial of access to the courts and amendment is futile.

# IV.

# RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motion to amend be granted in part and denied in part as follows:

a.      Granted to add Defendants Minnehan, G. Lucas, C. Duree, J. Castillo, R. Perez, R. Vasquez, and G. Vasquez in their individual capacities for violation of Plaintiff's right under the First Amendment to send and/or receive mail;

b.      Denied to add claims against Defendants Minnehan, G. Lucas, C. Duree, J. Castillo, R. Perez, R. Vasquez, and G. Vasquez  in their official capacities;

c.      Denied to add CDCR as a Defendant; and

d.      Denied to add a denial of access to the courts claim.

1    These Findings and Recommendations will be submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

3  **(14) days** after being served with these Findings and Recommendations, the parties may file

4  written objections with the Court.  The document should be captioned "Objections to Magistrate

5  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

6  within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772

7  F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9  IT IS SO ORDERED.

10

Dated:   **March 11, 2021**

11                                        UNITED STATES MAGISTRATE JUDGE