UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEITH ROBERT LUGO,<br><br>  Plaintiff,<br><br>  v.<br><br>R. FISHER, et al.,<br><br>  Defendants. | Case No.: 1:19-cv-00039-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 100) |
|---|---|

Plaintiff Keith Robert Lugo is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed February 28, 2022.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants J. Minnehan, L. Mayfield, C Smith, G. Lucas, C. Duree, G. Vasquez, J. Castillo, R. Vasquez, and R. Perez for intentionally interfering with the delivery of his legal mail in a timely fashion which resulted in a legal default for failure to timely filed a Petition for Review in the California Supreme Court.

Defendants filed an answer to the complaint on June 28, 2021.

On June 30, 2021, the Court issued an amended discovery and scheduling order.

On February 28, 2022, Defendants filed a timely motion for summary judgment. Plaintiff filed a timely opposition on April 12, 2022, and Defendants filed a reply on May 3, 2022.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted). It need only draw inferences, however, where there is "evidence in the record...from which a reasonable inference...may be drawn"; the court need not entertain inferences that are unsupported by fact. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986). But, "if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999) (citation omitted).

///

///

2

In arriving at this Findings and Recommendation, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III.

### DISCUSSION

#### A.    Summary of Plaintiff's Allegations

Plaintiff alleges that in February 2018 Valley State Prison staff intentionally delayed delivery of a letter from the California Supreme Court which caused him to miss a court deadline causing the loss of jurisdiction over his action regarding an illegal parole hearing.

#### B.    Statement of Undisputed Facts[1]

1. At all relevant times, Plaintiff was an inmate at Valley State Prison (VSP).

2. Plaintiff alleges that Defendants J. Minnehan, L. Mayfield, and C. Smith are "mailroom operatives" who are responsible for receiving, processing, and delivering mail.  (Third Am. Compl. at pp. 3, 5, 7-6, ECF No. 84.)

3. Plaintiff alleges that Defendants G. Lucas, C. Duree, G. Vasquez, J. Castillo, R. Vasquez, and R. Perez are corrections officers tasked obtaining signatures and delivering mail on the A-Yard where Plaintiff resided.  (Id. at pp. 7-13.)

4. The only Defendants who were employed in the VSP mailroom in February 2018 were Minnehan and Smith.  Declaration of N. Clark (Clark Decl.) ¶ 4, Ex. A, VSP Mailroom Timesheets for February, 2018.)

5. Plaintiff alleges that Defendants, with malicious intent, did willfully withhold and/or refused to deliver legal mail in a timely fashion resulting in a legal default for failure to timely file a Petition for Review with the Supreme Court for the State of California. (Third Am. Compl. at pp. 4-14.)

---

[1] Hereinafter referred to as "UF".

3

6.      The Supreme Court of California clerk's office sent a letter, dated February 8, 2018 and postmarked February 9, 2018, to Plaintiff regarding the deadline for filing a Petition for Review with the Supreme Court and the requirements to file an Application for Relief from Default after Plaintiff missed the deadline to file a Petition concerning Plaintiff's claims regarding an allegedly illegally conducted parole hearing.  (Third Am. Compl. at pp. 5-6; Pl. Dep. at pp. 49:6-51:3, Ex. 3, February 8, 2018 Letter from Clerk and Executive Officer of the Supreme Court Jorge Navarrete to Plaintiff.)

7.      In February 2018 Plaintiff did not have any other cases pending before the California Supreme Court aside from the habeas petition concerning his parole board issue.  (Pl. Dep. at  62:10-14.)

8.      On February 20, 2018, Defendant R. Perez delivered the letter to Plaintiff.  (Third Am. Compl. at p. 5; Declaration of Salinas (Salinas Decl.) ¶ 3, Ex. B, VSP Mailroom Incoming Confidential A Yard form; Salinas Decl. ¶ 7.)

9.      The Supreme Court letter indicated that the Court of Appeal filed an order regarding Plaintiff's claims on January 12, 2018 and pursuant to court rules he had until January 22, 2018 to file a petition for review.  The letter further indicated that the court could permit a late filing if an Application for Relief from Default was filed by February 13, 2018 that explained the reasons for failure to comply with the January 22, 2018 deadline.  The Relief from Default had to be filed by February 13, 2018, or the court would lose jurisdiction in Plaintiff's case. (Declaration of Faulconer (Faulconer Decl.) ¶ 2, Ex. A; Pl. Dep. at pp. 49:6-51:3, Ex. 3, February 8, 2018 Letter from Clerk and Executive Officer of the Supreme Court Jorge Navarrete to Plaintiff.)

10.     Plaintiff agreed that the information contained in the letter is the same as what is contained in California Rule of Court 8.500 and admitted that he read that rule and "probably" did do before he received thee letter.  (Pl. Dep. at 52:17-53:2.)

11.     Plaintiff is unaware as to why he did not file a Petition for Review with the Supreme Court after the Court of Appeal filed its order on January 12, 2018.  (Pl. Dep. at 102:6-21.)

4

1    12.    Plaintiff acknowledged that he does not have knowledge that any Defendants, or other CDCR employees, did not deliver the letter as soon as possible. (Pl. Dep. at 99:15-25.)

### C.    Analysis of Defendants' Motion

Defendants argue that Plaintiff's claim fails because the majority of the Defendants had no role in the mailroom or the delivery of the letter to Plaintiff and, there is no evidence that Defendants delayed the delivery of the letter or caused Plaintiff any damages.

In opposition, Plaintiff argues Defendants did not deliver him the letter at issue as soon as possible following its receipt at the VSP mailroom. Plaintiff also argues that "Defendants allowed the letter to languish stationary in an undeclared space(s) and remained undelivered while in Defendants custody for nearly a week without bothering to take any action to forward a critical piece of legal mail." (ECF No. 103 at 8.) Plaintiff further disputes that VSP mailroom actually received the letter on February 14, 2018, and he suffered injury as a result of the intentional delay in delivery.

Prison inmates have a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Crofton v. Roe, 170 F.3d 957, 959 (9th Cir. 1999); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials must demonstrate that any regulation infringing on the right is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987); Crofton, 170 F.3d at 959. The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. Thornburgh, 490 U.S. at 413.

Prison officials do have a responsibility to promptly forward mail to inmates. Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). However, courts generally find that isolated incident of interference with mail is insufficient to state a cognizable claim. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (two instances of interference with incoming mail insufficient to state a claim because plaintiff does not allege an ongoing practice of prison officials of interfering with his mail nor any harm suffered from the mail tampering); Bach v. People of State of Ill., 504 F.2d 1100, 1102 (7th Cir. 1974) (generally it requires more than an isolated incident of failure to protect an inmate's rights to state a claim); Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal. 1975) (single

5

incident of censorship of mail that was not part of a broader plan or course of conduct insufficient to state a cognizable claim); Daniel v. Hawkins, No. C 97-0034 MHP, 1997 WL 33574, at *1 (N.D. Cal. Jan. 23, 1997) (although jail officials have a responsibility to promptly forward mail to inmates, an isolated incident of delay is generally not enough to state a First Amendment claim).

While a temporary or brief delay does not violate the First Amendment, Crofton, 170 F.3d at 961, an allegation that the mail was delayed for an inordinate amount of time is sufficient to state a claim. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). The Ninth Circuit has held that in the appropriate circumstances a single incident of interference with mail can rise to the level of a constitutional violation. Mangiaracina v. Penzone, 849 F.3d 1191, 1197 (9th Cir. 2017); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1209 (9th Cir. 2017). Where an inmate alleges that he has suffered an actual injury from the constitutional violation, the allegation of isolated and sporadic interference with mail is sufficient to require the defendant to file a response to the complaint. Hayes, 849 F.3d at 1211-13.

Here, it is undisputed that the Supreme Court of California clerk's office sent a letter, dated February 8, 2018 and postmarked February 9, 2018, to Plaintiff regarding the deadline for filing a Petition for Review with the Supreme Court and the requirements to file an Application for Relief from Default after Plaintiff missed the deadline to file a Petition concerning Plaintiff's claims regarding an allegedly illegally conducted parole hearing. (UF 6.) In February 2018 Plaintiff did not have any other cases pending before the California Supreme Court aside from the habeas petition concerning his parole board issue. (UF 7.) On February 20, 2018, Defendant R. Perez delivered the letter to Plaintiff. (UF 8.) The Supreme Court letter indicated that the Court of Appeal filed an order regarding Plaintiff's claims on January 12, 2018 and pursuant to court rules he had until January 22, 2018 to file a petition for review. The letter further indicated that the court could permit a late filing if an Application for Relief from Default was filed by February 13, 2018 that explained the reasons for failure to comply with the January 22, 2018 deadline. The Relief from Default had to be filed by February 13, 2018, or the court would lose jurisdiction in Plaintiff's case. (UF 9.)

1  Defendants submit the declaration of C. Salinas, Office Services Supervisor II at VSP,
2  who declares as follows:

> VSP maintains the VSP Mailroom Inmate Confidential Mail History Report ('"Mail History Report") for each inmate housed at VSP. The Mail History Report logs every piece of legal/confidential mail that is delivered by the United States Postal Service and received at VSP for each inmate.
>
> At the request of the Attorney's General Office, I conducted a search for the Mail History Report associated with inmate Keith Lugo (E91619). I was able to locate these records and provided them to the Attorney General's Office. As an authorized custodian of records at VSP, I certify the authenticity the VSP Mailroom Inmate Confidential Mail History Report associated with Keith Lugo, a true and correct copy of which is attached hereto as Exhibit A.
>
> In addition to the Mail History Report, VSP maintains in its regular course of business the VSP Mailroom Incoming Confidential A Yard form. This form indicates the date mail is delivered to an inmate.
>
> At the Attorney General 's office's request, I also searched for the VSP Mailroom Incoming Confidential A Yard form for inmate Lugo. A true and correct copy of the VSP Mailroom Incoming Confidential A Yard form for inmate Lugo is attached hereto as Exhibit 8.
>
> The Mail History Repo11 for Lugo indicates that a letter mailed to Lugo from the California State Supreme Com1 was received on February 14, 2018 at VSIP. *See* Exhibit A.
>
> The VSP Mailroom Incoming Confidential A Yard form indicates that the letter received on February 14, 2018 at VSP from the California State Supreme Court was delivered to Lugo on February 20, 2018 by R. Perez. *See* Exhibit B.
>
> The duplicated or photocopied documents submitted herein are true copies of the original records. The original records were prepared in the ordinary course of business, at or near the time of the act, condition, or event of which they reflect, and are maintained as business records at this institution. The only edit to these documents is the applied redaction within the VSP Mailroom Incoming Confidential A Yard form removing the identifying information of other inmates and identifying information of any CDCR personnel. The purpose of this redaction is to protect the privacy of third-parties.

(Declaration of C. Salinas ¶¶ 2-8.)

Plaintiff provides no support and simply makes the naked allegation that VSP did not receive the letter on February 14, 2018, as reflected in the evidence submitted by Defendants. In his opposition, Plaintiff contends that "VSP did not stamp the outside of any envelope, regular or

7

legal mail, until after [he] initiated the current cause of action" and attaches several stamped envelopes.   (ECF No. 103 at 11.)  Notwithstanding the relevancy and hearsay nature of these documents, the envelopes which are stamped several years after the events at issue in this action does not support Plaintiff's contention.  Thus, Plaintiff has not and cannot create a dispute of fact with regard to these documents.

The period of six days in delivery of the letter does not constitute an "inordinate delay" particularly given Plaintiff's allegations allege only a single incident of mail delay.  In addition, California Code of Regulations Title 15 section 3133(a)(1) requires a facility to deliver mail within seven calendar days, and the Supreme Court letter was delivered to Plaintiff in six days.  Plaintiff argues that there was deliberate mishandling of the letter.  In support, he urges that the person who handled his letter did not follow prison regulations to deliver the letter as soon as possible following its receipt at the VSP mailroom.  However, Plaintiff overlooks the fact that the regulation clearly states the mail shall be delivered as soon as possible but not later than seven calendar days.  There is simply no support for Plaintiff's interpretation of the regulation that the mail must be delivered sooner than the seven day calendar period.  Even if, despite the impossibility, the letter was received by the VSP mailroom on February 9, 2018-the same date it was post-marked, Defendants would still have until February 16, 2018 to deliver it pursuant to Title 15 regulations and Plaintiff would have still missed the deadline through no fault of Defendants.

Moreover, Plaintiff has no evidence other than his mere speculation and conjecture that the letter was intentionally withheld from him by allowing it to "languish stationary in an undeclared space."  Indeed, Plaintiff acknowledged at this deposition that he did not have any knowledge that any Defendants, or any other CDCR employees, did not deliver the letter as soon as possible.[2]  (UF 12.)  There is simply no evidence that the any Defendants delayed delivery of the letter.  In fact, the evidence suggests the absence of any reason or motive for Defendants to intentionally delay or mishandle the letter as established by the compliance with the applicable

---

[2] Although Plaintiff's deposition took place after the operative third amended complaint was filed, it is still undisputed that Plaintiff acknowledged he was not aware of any CDCR employees which necessarily includes Defendants added to the later amended complaint.

1   Title 15 regulations.

2   Plaintiff's claim that CDCR "declar[ed] that staff would cease and desist further delays
3   in the delivery of legal mail," and admitted there were delays.  (ECF No. 103 at 5.)  Plaintiff's
4   interpretation is unfounded.  At the second level review, it was specifically determined that prison
5   officials did not violate the applicable mailroom policy and regulations and "partially granted" his
6   request "for staff to cease and desist any further delays in the delivery of the mail, as the incoming
7   confidential mail policy was identified.  (ECF No. 103 at 25.)  This statement merely indicates that
8   the regulations would be followed going forward and no violations had taken place.  Indeed, all
9   three levels of review found that Plaintiff's mail was not delayed and that the applicable
10  regulations were complied with.  (ECF No 103 at 20-27.)

11  Furthermore, Plaintiff's claim that he suffered damage by the delay in delivery of the
12  letter is contradicted by the evidence in the record.  First, Defendants could not have caused
13  Plaintiff to miss the filing deadlines by delaying delivery of the letter because the Supreme Court
14  letter simply restated, and did not amend, the requirements of California Rules of Court 8.500 and
15  was not a legal notice.   Rule 8.500(e)(1) requires that "[a] petition for review must be served and
16  filed within 10 days after the Court of Appeal decision is final in that court…"  Cal. Rules of
17  Court, rule 8.500(e)(1).  In addition, "[t]he time to file a petition for review may not be extended,
18  but the Chief Justice may relieve a party from a failure to file a petition for review if the time for
19  the court to order review on its own motion has not expired."  Cal. Rules of Court, rule
20  8.500(e)(2). However, if "no petition for review is filed, the Supreme Court may, on its own
21  motion, order review of a Court of Appeals decision within 30 days after the decision is final in
22  that court."  California Rules of Court, rule 8.15(c)(1).  Thus, the Supreme Court has 30 days to
23  order review on its own motion but loses jurisdiction after that deadline, as reiterated in the letter
24  to Plaintiff.  That is, the letter simply restates the requirements for filing a petition, and Plaintiff
25  acknowledged the content of the letter was the same as contained in Rule 8.500 of which he was
26  aware. (UF 10.)  In addition, Plaintiff stated he was unaware as to why he did not timely file a
27  Petition for Review following the Court of Appeal decision issued on January 12, 2018.  (UF 11.)

28

Second, the Supreme Court letter, postmarked February 9, 2018, was received at the VSP mailroom on February 14, 2018-one day after Plaintiff's deadline to file a request for Relief from Default. (UF 6.) Therefore, because the letter was received after the applicable deadline, the time of delivery is immaterial. Accordingly, Defendants did not and could not have caused Plaintiff damages, especially since the allegations involve one isolated incident of mail delay.

Lastly, the undisputed evidence demonstrates that Defendants Lucas, Duree, R. Vasquez, Mayfield, Castillo and G. Vasquez had no personal involvement in the alleged violation. "A plaintiff must allege facts ... that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)). Plaintiff alleged that Defendant Mayfield was employed in the VSP mailroom at the time of the allegations and Defendants Lucas, Duree, R. Vasquez, Castillo and G. Vasquez were corrections officers who delivered mail to him. (UF 2-3.) However, Defendants submit evidence by way of VSP mailroom timesheets which reveal that Mayfield did not work in the VSP mailroom in February 2018-the relevant time giving rise to the instant claim. (UF 4.) Similarly, Defendants Lucas, Duree, R. Vasquez, Mayfield, Castillo, and G. Vasquez did not work in the VSP mailroom room in February 2018, and it is undisputed that they did not deliver the letter to Plaintiff because it was delivered by Perez. (UF 4, 8.)

Based on the evidence presented, Defendants have shown that there is no genuine issue of material fact with respect to Plaintiff's claim relating to his First Amendment right to receive mail. See Celotex Corp., 477 U.S. at 323. In response, Plaintiff has failed to point to specific facts showing that there is a genuine issue for trial, id. at 324, or identify with reasonable particularity the evidence that precludes summary judgment, Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).

///

///

///

10

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. Judgment be entered in favor of Defendants.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 22, 2022**

UNITED STATES MAGISTRATE JUDGE